JiLOTTINGER, Chief Judge.
Plaintiffs, Cora and John Roy (Roys), filed suit to recover the full extent of coverage under an insurance policy purchased from defendant, Audubon Insurance Company (Audubon). The insurance policy provided maximum coverage of $50,000.
On August 14, 1990, a fire destroyed the residence insured by Audubon. The policy in effect on August 14, 1990 was originally issued in June of 1988, and was subsequently renewed in June of 1989 and June of 1990.
The Roys accepted a draft in the amount of $20,218 from Audubon as partial payment of the loss. According to the policy, the Roys were entitled to the balance of the policy in the event that they repaired the *996 house within 180 days.[1] The 12Roys claim that they are entitled to the $50,000 limit of coverage despite the fact that they have no intention of rebuilding the home.
Motions for Summary Judgment were filed by both parties concerning the value of the policy. The court found that the Roys were entitled to receive the full value of the policy. Audubon appeals raising one assignment of error:
1. Audubon contends that the trial court erred in granting the Roys’ Motion for Summary Judgment and in holding that LSA-R.S. 22:695 was applicable in interpreting the rights of the parties under the insurance policy issued by Audubon when LSA-R.S. 22:965 [695] had been repealed during the sequence of insurance policy renewals made by the insured and which was not the law at the time the insurance policy was issued.
APPLICATION OF THE REPEALED VALUE POLICY LAW
The Roys contend that the value policy law applies in the present case. When the original policy was issued on June 28, 1988, La. R.S. 22:695 provided in pertinent part:
A. Under any fire insurance policy, which may be written hereafter, and which is intended to take effect, at or after 12 o’clock noon, Central Standard Time, on the first day of August, 1952, on any inanimate property, immovable by nature or destination, situated within the state of Louisiana, the insurer shall pay to the insured, in case of total destruction, without criminal fault on the part of the insured or the insured’s assigns the total amount for which the property is insured, at the time of such total destruction, in the policy of such insurer.
Therefore, if the value policy law applies in this case, Audubon must tender the remainder of the limits of the coverage.
However, the decision of Courville v. State Farm Mutual Automobile \ ¿insurance Company, 398 So.2d 703 (La.1981), dictates that the 1988 statute does not apply in this case. In Courville, the plaintiffs were involved in an automobile accident and sought recovery against their UM carrier, State Farm. Plaintiffs held two UM policies and claimed they were entitled to “stack” the limits of the two policies.
Both policies were originally issued prior to the amendment to La.R.S. 22:1406(D)(l)(c) which prohibited stacking except under certain circumstances. The policies in question had been renewed subsequent to the amendment.
In ruling that the plaintiffs could stack the UM policies, the court held that “each subsequent renewal is a separate contract, even though a new policy is not involved ... as a new contract ... they are subject to the laws at the time — namely, R.S. 22:1406(D)(l)(c), as amended.” Id. at 705. Although the amended statute prohibited stacking, the court determined that the plaintiffs fit within the limited exception- allowing stacking.
The sequence of events in the present case are identical to those of Courville. First, the insurance policy is issued. Second, the value policy law is repealed. Third, the policy is renewed. Finally, a claim was made on the insurance policy. Following the logic of Courville, the renewed policy is a new contract, subject to the laws in existence at the time of renewal, namely La.R.S. 22:695, as amended.
*997 At the time of renewal, La.R.S. 22:695 provided in pertinent part:
A. Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation.for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer. Coverage may be voided under said contract in the event of criminal fault of the part of the insured or the assigns of the insured.
Because the value policy law was not in effect in June of 1990, the time |4of the last renewal, the law should not be applied to the policy at issue. Therefore, the language of the policy controls, and Audubon does not owe the remainder of the policy limits.
In granting the plaintiffs’ Motion for Summary Judgment, the trial court relied on the reasoning of Block v. Reliance Ins. Co., 433 So.2d 1040 (La.1983). In Block, the supreme court again addressed the issue of stacking UM policies. The policies at issue in Block were issued prior to the anti-stacking amendment. The accidents occurred after the amendment but before renewals were necessary. The court held that the insurance policy should be interpreted pursuant to the laws in effect at the time the policy was originally issued. Id. at 1044.
The distinguishing factor in Block is that there was no renewal of the policies after the anti-stacking amendment. Thus the policy was necessarily interpreted under the law existing at the time of “original” issuance. In Courville, as in the present case, the renewal of the policy is treated as a new policy subject to the laws in effect at the time of renewal.
The holdings of Block and Courville apply in this case. The policy must be interpreted according to the law in existence at the time of issuance. In this case, “issuance” was in June, 1990 after the repeal of the value policy law. Therefore, the value policy law will have no effect on the policy issued in June, 1990.
DUTY TO INFORM INSURED . OF CHANGES AT TIME OF RENEWAL
The trial court stated that Louisiana jurisprudence requires that “in order to change any terms of a fire insurance policy on renewal, the insurer (or its agent) must call attention to any policy modifications or the terms of the change cannot effect [sic] the contract.” The trial court noted that no notice of change was given to the Roys.
Although there is a duty to inform the insured of changes in the terms of the policy, this duty does not extend to informing insureds of changes in the law. The language of the policy at issue in this case was never changed. Each renewal was a renewal of the original terms of the policy. Because the policy was not modified |sat the time of renewal, Audubon had no duty to inform the Roys.
Therefore, for the above and foregoing reasons, the judgment of the tidal court is reversed and remanded at plaintiffs-appel-lees’ costs.
REVERSED and REMANDED.
CARTER, J., concurs.
SHORTESS, J., concurs with reasons.

. The policy sets forth the following loss settlement conditions concerning personal property and buildings:
4. Loss Settlement. Covered property losses are settled as follows:
[[Image here]]
c. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:
[[Image here]]
(4) When the cost to repair or replace the damage is more than $1,000 or more than 5% of the amount of Insurance in this policy on the building, whichever is less, we will pay no more than the actual cash value of the damage until actual repair or replacement is completed.
(5) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis and then make claim within 180 days after loss for any additional liability on a replacement cost basis.